# In the United States Court of Federal Claims

No. 15-989

(Filed: March 25, 2016)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| CARLOS TORO, | * |
| Plaintiff, | * Implied-In-Fact Contract; DEA |
| | * Confidential Informant; Failure to |
| v. | * Identify Authorized Government |
| | * Representative; Absence of Key |
| THE UNITED STATES, | * Contract Terms; Failure to State a |
| | * Claim. |
| Defendant. | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*Michael L. Avery, Sr.*, The Avery Law Firm, Arlington, Virginia, for Plaintiff.

*Michael A. Rodriguez*, Trial Attorney, with whom were *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, *Bryant G. Snee*, Deputy Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., *Sandra T. Stevens*, Senior Attorney, Drug Enforcement Administration, Office of the Chief Counsel, Civil Litigation Section, U.S. Department of Justice, Of Counsel, for Defendant.

OPINION AND ORDER ON
DEFENDANT'S MOTION TO DISMISS

WHEELER, Judge.

Plaintiff Carlos Toro filed this suit claiming to have been a confidential informant to the Drug Enforcement Administration ("DEA") for the past 29 years. Mr. Toro asserts that he was instrumental in bringing some notorious international drug dealers to justice, and he wants to be compensated for his efforts. He alleges that he had an oral implied-in-fact contract with the agency, but unfortunately Mr. Toro cannot name any authorized representative of the Government who entered into this contract, much less any of the contract's fundamental terms. Even if Mr. Toro could establish the existence of a binding contract, it is likely that his claim is barred by the applicable six-year statute of limitations.

28 U.S.C. § 2501.  Accordingly, the Court must dismiss this action under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

<u>Factual and Procedural History</u>

In 1986, Mr. Toro claims that he orally agreed to act as a confidential source for the DEA in exchange for compensation and reimbursement of his expenses.  Compl. ¶¶ 2-4, 20.  This agreement allegedly continued until 2015.  Compl. ¶ 2.  In his role as a confidential source, Mr. Toro asserts that he infiltrated and assisted the DEA in dismantling the Medellin drug cartel in Colombia, South America.  Compl. ¶¶ 5, 7-10, 14-16, 18.  Working with multiple DEA agents, Mr. Toro claims that his work contributed to the arrest and prosecution of many international drug traffickers.  <u>Id.</u>  During his 29-year tenure as a confidential source, Mr. Toro and the DEA did not reduce the agreement to writing.  He asserts that the DEA never compensated him for his services, thus breaching the oral contract and causing Mr. Toro financial hardship.  Compl. ¶¶ 21-24.

On September 8, 2015, Mr. Toro filed suit in this Court seeking $5 million in damages as a result of the DEA's alleged breach of contract.  On December 9, 2015, the Government filed a motion to dismiss for failure to state a claim and for lack of subject matter jurisdiction.  The motion is fully briefed.  The Court heard oral arguments on March 15, 2016.  For the reasons below, the Court grants the Government's motion to dismiss.

<u>Analysis</u>

Rule 12(b)(6) authorizes this Court to dismiss an action for failure to state a claim upon which relief can be granted.  <u>See, e.g.</u>, <u>Godwin v. United States</u>, 338 F.3d 1374, 1377 (Fed. Cir. 2003).  The Court must dismiss a claim if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his legal claim which would entitle him to relief."  <u>W. Shoshone Nat. Council v. United States</u>, 73 Fed. Cl. 59, 62 (2006) <u>aff'd</u>, 279 F. App'x 980 (Fed. Cir. 2008) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 46 (1957)).  A plaintiff is only required to offer "'a short and plain statement,'" showing a plausible claim for relief to survive a motion to dismiss.  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009); <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).  In reviewing a motion to dismiss, the Court should assume well-pleaded facts in the complaint are true, but, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  <u>Iqbal</u>, 556 U.S. at 678 (citing <u>Twombly</u>, 550 U.S. at 555).

Mr. Toro bears the burden of pleading sufficient facts to show a contract with the United States.  Since Mr. Toro alleges an oral implied-in-fact contract, he must show an agreement, "which, although not embodied in an express contract, is inferred, as a fact, from the conduct of the parties showing, in light of the surrounding circumstances, their

tacit understanding." Hercules Inc. v. United States, 516 U.S. 417, 424 (1996) (quoting another source, internal quotation marks omitted).  To show a plausible claim of an implied-in-fact contract, Mr. Toro must plead facts to demonstrate:  (1) mutuality of intent; (2) consideration; (3) lack of ambiguity in the offer and acceptance; and (4) the government representative whose conduct is relied upon had actual authority to bind the United States. Flexfab, LLC v. United States, 424 F.3d 1254, 1258 (Fed. Cir. 2005).  Mr. Toro fails to meet this burden.

Mr. Toro's complaint ignores key factual allegations necessary to plead a binding agreement with the United States.  In essence, Mr. Toro fails to name the government official with whom he entered into the alleged agreement.  Instead, he presents the Court with conclusory statements asserting that there was in fact an oral agreement.  See Compl. ¶ 4.  The Court is "not bound to accept as true a legal conclusion couched as a factual allegation."  Twombly, 550 U.S. at 555.  It stands to reason that since Mr. Toro has not named a government official with whom he entered into the alleged agreement, he has failed to demonstrate that this unnamed official had the requisite authority to enter into the purported agreement.  See, e.g., Trauma Serv. Grp. v. United States, 104 F.3d 1321, 1325 (Fed. Cl. 1997) ("A contract with the United States also requires that the Government representative who entered or ratified the agreement had actual authority to bind the United States.").  However, Mr. Toro names one government official who was present when he "began providing his services. . . ."  Compl. ¶ 5.  Mr. Toro asserts that he worked as a confidential source under this official's direction.  Id.  Directing Mr. Toro's assignments as a confidential source is "'merely consistent with'" Government liability and thus is insufficient to withstand a motion to dismiss.  Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 553)).  Further, the named government official is a DEA agent incapable of contracting on behalf of the United States with Mr. Toro.  Authority to bind the Government is generally implied when such authority is considered to be an integral part of the duties assigned to the government employee.  See, e.g., Winter v. Cath-dr/Balti Joint Venture, 497 F.3d 1339, 1346 (Fed. Cir. 2007).  Contracting authority is not an integral part of a DEA agent's duties.  See, e.g., Doe v. United States, 48 Fed. Cl. 495, 501-04 (2000) (collecting cases).

In addition to failing to name the government official with whom he contracted, Mr. Toro does not explain the following details about the purported agreement:  the date it went into effect; the terms; or the monetary arrangement that forms the basis of his requested $5 million damages award.  While a plaintiff need not plead "detailed factual allegations," he must include more than mere "labels and conclusions."  See Sioux Honey Ass'n v. Hartford Fire Ins. Co., 672 F.3d 1041, 1062 (Fed. Cir. 2012) (quoting Twombly, 550 U.S. at 555) (internal quotation marks omitted).  Without more, Mr. Toro has not provided sufficient factual content to allow the Court to conclude that Mr. Toro entered into a binding

agreement with the United States.  Thus, his complaint cannot withstand the Government's motion to dismiss.  Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

Even assuming Mr. Toro has properly alleged a binding agreement with the United States, the Court doubts that his claims fall within the Court's six-year statute of limitations.  28 U.S.C. § 2501.  Mr. Toro alleges that he began working as a confidential source over 29 years ago.   This assertion is well beyond the Court's six-year statute of limitations.

## Conclusion

For the reasons set forth above, the Court GRANTS the Government's motion to dismiss and DISMISSES Mr. Toro's complaint.  The Clerk of Court shall enter judgment accordingly.

IT IS SO ORDERED.

s/ Thomas C. Wheeler
THOMAS C. WHEELER
Judge